## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **RONNIE LAUDERDALE, #18646-009,** | ) | |
| | ) | |
| **Petitioner/Defendant,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL NO. 11-019-GPM** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | **CRIMINAL NOS. 07-30052-GPM** |
| | ) | **06-30142-MJR** |
| **Respondent/Plaintiff.** | ) | |

## <u>MEMORANDUM AND ORDER</u>

**MURPHY, District Judge:**

This matter is before the Court on Petitioner Ronnie Lauderdale's motion for relief pursuant to 28 U.S.C. § 2255. Lauderdale was first indicted for his crimes in 2006 in Case No. 06-cr-30142-MJR; that indictment was dismissed for violation of the Speedy Trial Act. A new indictment was issued in Case No. 07-cr-30052-GPM. Lauderdale's first trial resulted in a hung jury. Upon his retrial, Lauderdale was found guilty on February 15, 2008, of one count of conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 841(a)(1), and one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Lauderdale was sentenced on June 2, 2008, to life imprisonment on the conspiracy charge, concurrent with 360 months on the firearm charge. He also was ordered to serve ten years of supervised release and pay a fine of $5,000 and a special assessment of $200. The firearm was ordered forfeited.

On July 6, 2009, the Seventh Circuit Court of Appeals affirmed Lauderdale's conviction on direct appeal; the Mandate was filed in the District Court on September 9, 2009. The Supreme Court

denied his petition for *certiorari* on January 11, 2010. On January 10, 2011, Lauderdale filed the instant motion under § 2255. Although Lauderdale filed his initial § 2255 motion *pro se*, he now is represented by Attorney Tracy Hightower-Henne.

Lauderdale also filed a Motion to Expand Record (Doc. 2), seeking to add his declaration of facts regarding potential plea negotiations. In addition, Lauderdale's former wife, Arletha Lauderdale, has filed an affidavit (Doc. 3).

In his § 2255 motion, Lauderdale raises three grounds for relief, alleging ineffective assistance of trial and appellate counsel: (1) Lauderdale's original trial counsel (Robert Elovitz) failed to appeal the "without prejudice" dismissal of the original 2006 indictment for the speedy trial violation, thus allowing the United States to issue a new indictment that ultimately led to Lauderdale's conviction, and appellate counsel (Susan Kister) failed to raise this issue on direct appeal despite Lauderdale's request; (2) Lauderdale's second trial counsel (Roy Lewellen) failed to challenge the jury selection process that resulted in an all-white jury convicting Lauderdale, who is African-American; and (3) Attorney Elovitz failed to notify Lauderdale of the Government's willingness to enter into plea negotiations prior to his retrial (*See* Exhibit A, Doc. 1-1, p. 2; Declaration of Ronnie Lauderdale, Doc. 2). Lauderdale asserts that, had he been aware that the Government was open to negotiating a plea agreement, he would have pursued that option rather than proceeding to trial.

Lauderdale's Motion to Expand the Record to include his declaration (Doc. 2) is **GRANTED**.

The Court **ORDERS** the Government to file a response to Lauderdale's § 2255 motion within **THIRTY (30) DAYS** of the date of this Order. The Government shall, as part of its

response, attach all relevant portions of the record.

**IT IS SO ORDERED.**

DATED:  06/15/11

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge